IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| MARVIN GAYE THOMPSON, JR., § <br> Institutional ID No. 180489, § <br> § <br> Plaintiff, § <br> v. § <br> § <br> KELLY ROWE, *et al.*, § <br> § <br> Defendants. § | CIVIL ACTION NO. 5:22-CV-091-M-BQ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a document filed June 9, 2022, by pro se Plaintiff Marvin Gaye Thompson Jr., which the Court has construed as containing a motion for injunctive relief. ECF No. 6; *see* ECF No. 7, at 2. Through the motion, Thompson asserts that unidentified officers at the Lubbock County Detention Center (LCDC), where Thompson is currently housed, are not providing inmates with the resources necessary to complete and return applications to proceed *in forma pauperis* (IFP) in the Northern District of Texas. Mot. 4, ECF No. 6.[1] Thus, Thompson seeks injunctive relief in the form of a Court order directing LCDC to (1) "stop providing plaintiff and other jail inmates with the wrong" IFP application, (2) "implement jail policies to guarantee" LCDC provides inmates the correct forms in the future, and (3) provide inmates additional legal research and writing materials, including the ability to electronically file pleadings. *Id.* at 4–5. After considering Thompson's pleadings and applicable law, the undersigned recommends that the United States District Judge **DENY** the motion without prejudice to Thompson's right to request injunctive relief in the future should circumstances change.[2]

---

[1] Page citations to Thompson's pleadings refer to the electronic page number assigned by the Court's filing system.

[2] Thompson has not consented to proceed before a magistrate judge. In accordance with the order of referral and 28 U.S.C. § 636(b), the undersigned enters these findings, conclusions, and recommendation.

I.     **Legal Standard**

"An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). Courts should not grant injunctive relief "routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *see Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) (explaining that "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

To secure a preliminary injunction or temporary restraining order (TRO),[3] a movant must demonstrate:

1. A substantial likelihood of success on the merits of his case;

2. A substantial threat of irreparable injury if the injunction is not granted;

3. The threatened injury to the movant outweighs any damage the injunction will cause the non-movant; and

4. The injunction will not have an adverse effect on the public interest.

*Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418–20 (5th Cir. 2001); *see Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985) (providing that "if the movant does not succeed in carrying its burden on any one of the four prerequisites, a preliminary injunction may not issue"); *Bar J-B Co. v. Tex. Dep't of Transp.*, No. 3:18-cv-0576-M, 2018 WL 2971138, at *1 (N.D. Tex. Mar. 13, 2018) (internal quotation marks and citation omitted) (explaining that a movant must establish the elements of a preliminary injunction to obtain a TRO because "[a] TRO is a highly accelerated and temporary form of preliminary injunctive relief").

---

[3] Thompson does not specify the type of relief he seeks beyond a "Request for Orders." Mot. 4. The Court therefore evaluates his request under both standards.

When a plaintiff seeks injunctive relief that would require a court to interfere with the administration of a state jail, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." *Rizzo v. Goode*, 423 U.S. 362, 379 (1976). In assessing whether an injunction serves the public interest, jail administrators must be afforded deference in the manner in which they operate the prison. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). The Prison Litigation Reform Act (PLRA) further restricts a federal court's authority to issue injunctions in regard to prison conditions—courts must "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief," and any "[p]reliminary injunctive relief [granted] must be narrowly drawn, extend no further than necessary to correct the harm," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

## II. Analysis

As an initial matter, the Court observes that Thompson has not provided notice of his request for injunctive relief to the opposing parties. Under Rule 65, a preliminary injunction can issue only after notice to the adverse party. *See* Fed. R. Civ. P. 65(a)(1). Thompson has not demonstrated that he gave notice to the persons impacted by his request for injunctive relief. For this reason alone, his motion should be denied.[4] *See King v. TDCJ*, No. 3:15-CV-1365-N-BH, 2016 WL 8671926, at *1 (N.D. Tex. Jan. 8, 2016) (recommending denial of plaintiff's request for preliminary injunction because he had not satisfied the notice requirement of Rule 65(a)).

Turning to the substance of his request, Thompson alleges *in his Complaint* that Lubbock County Sheriff Kelly Rowe and the LCDC Medical Director (1) were deliberately indifferent to

---

[4] Under Fed. R. Civ. P. 65(b)(1), the Court may issue a TRO without notice to the adverse party, but only where: (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (2) the movant "certifies in writing any effort made to give notice and the reasons why it should not be required." Thompson has not satisfied either element.

3

his serious medical needs and (2) discriminated against him (concerning medical care) in violation of the Fourteenth Amendment. Compl. 3, 9–10, ECF No. 1. Thompson asserts *through his motion* that after filing his Complaint, LCDC officials failed to provide him the requisite forms or legal research and writing materials necessary to continue his suit. *See* Mot. 4. Thompson contends that in addition to making the correct IFP application available within the jail, LCDC officials should provide inmates "adequate pen(s), size typing paper, Lexis-Nexis or West's Law [sic] electronic legal research, materials on their jail inmate tablets," as well as the ability to "e-file their legal pleadings to the Clerk of this Court." *Id.* at 4–5.

Thompson has failed to satisfy his burden of producing adequate evidence, through affidavit, verified complaint, or other means, establishing a substantial likelihood of success on the merits and that the injunction serves the public interest. Initially, the undersigned observes that Thompson's new allegations, i.e., claims that LCDC officials are impeding Thompson's ability to access the courts, are distinct from his pending claims in this action and would be more properly considered in a separate § 1983 action. Through his motion, Thompson in essence attempts to raise factually and legally distinct claims against new Defendants based on recent, discrete incidents. *See id.* And Thompson's motion is neither verified nor does it contain an affidavit. *See id.* at 5. Thompson's Complaint, while verified, does not include these new and distinct allegations regarding access to the courts. *See* Compl. 3. As a result, Thompson's new claims are not properly before the Court in the present action. *See generally* Fed. R. Civ. P. 20(a)(2)(A) & (B) (providing that defendants "may be joined in one action . . . if . . . any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and* any question of law or fact common to all defendants will arise in the action" (emphasis added)).

Moreover, Thompson does not plead any facts showing he exhausted his administrative remedies before filing his request for injunctive relief. Under the PLRA, a prisoner must exhaust the prison grievance procedure before pursuing relief in federal court. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "[R]equests for injunctive relief are not exempt from the exhaustion requirement, and failure to completely exhaust prior to filing suit cannot be excused." *Muhammad v. Wiles*, 841 F. App'x 681, 685–86 (5th Cir. 2021) (per curiam) (quoting *McMillan v. Dir., Tex. Dep't of Crim. Just., Corr. Insts. Div.*, 540 F. App'x 358, 359 (5th Cir. 2013)). Because it appears Thompson has not exhausted his administrative remedies, he cannot meet his burden of showing a substantial likelihood of success on the merits. *See id.*; *Gordon v. Parker*, No. 5:17-CV-00194-RWS, 2018 WL 4204347, at *4 (E.D. Tex. Sept. 4, 2018) ("The Magistrate Judge correctly determined [p]laintiff did not overcome his burden of showing a substantial likelihood of success because he did not exhaust his administrative remedies.").

Even if Thompson has exhausted his remedies, he cannot demonstrate a likelihood of success on the merits. To prevail on an access-to-courts claim, a prisoner must demonstrate prejudice or harm by showing that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered by the defendant's actions. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citation omitted). Specifically, Thompson "must demonstrate that the lack of access has prevented him from filing or caused him to lose a pending case that attacks either his conviction or seeks to vindicate basic constitutional rights in a civil rights action under" § 1983. *Foreman v. Bowles*, No. 3:01-CV-2117-G, 2003 WL 21730136, at *3 (N.D. Tex. Mar. 31, 2003) (quoting *Lewis v. Casey*, 518 U.S. 343, 353 (1996)). Thompson alleges LCDC officials denied him legal forms required to proceed with the present action. *See* Mot. 4. Because Thompson cannot show

at this stage that LCDC officials prevented him from filing or caused him to lose this case, Thompson has not demonstrated a likelihood of success on the merits of his new claims.

### III.  Recommendation

Because Thompson (1) improperly seeks injunctive relief against individuals not a party to this action, and (2) has failed to meet the requirements for obtaining injunctive relief, the undersigned recommends that the United States District Judge deny his motion. ECF No. 6.

### IV.  Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated: June 30, 2022.

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE