IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| MARVIN GAYE THOMPSON, JR., § <br> Institutional ID No. 180489, § <br> § <br> Plaintiff, § <br> v. § Civil Action No. 5:22-CV-091-M-BQ <br> § <br> KELLY ROWE, *et al.*, § <br> § <br> Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Proceeding pro se and *in forma pauperis*, Plaintiff Marvin Gaye Thompson, Jr. filed this 42 U.S.C. § 1983 action on May 20, 2022, alleging violations of his constitutional rights. ECF No. 1. Under *Special Order No. 3-251*, this case was automatically referred to the undersigned United States Magistrate Judge for pretrial management, including preliminary screening under the Prison Litigation Reform Act (PLRA). ECF No. 3. Because Thompson has not updated his address, and thereby failed to comply with Court orders and prosecute his case, the undersigned recommends that the United States District Judge dismiss this action in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

**I.   Background**

On July 7, 2022, the Court granted Thompson permission to proceed *in forma pauperis* (IFP). ECF No. 10. That order advised Thompson of his obligation to "promptly notify the Court of any change of address . . . [and that his] [f]ailure to file such notice may result in this case being dismissed for want of prosecution." ECF No. 10, at 2 ¶ 8. Thompson received similar admonishments when he initially filed this suit. *See* "Instructions to a Prisoner *Pro Se* Plaintiff," ECF No. 4, at 1 ¶ 2 (dated May 20, 2022) ("You must notify the Court if your address changes, or

your case may be dismissed. Promptly file a written change of address notice in your case."); ECF No. 5, at 3 ¶ 5 (dated May 24, 2022) ("Plaintiff shall promptly notify the Court of any change of address by filing a written notice of change of address with the Clerk. Failure to file such notice may result in dismissal of the case for want of prosecution.").

On August 3, 2022, the Court commenced its initial screening of Thompson's Complaint by entering an order requiring that certain persons and entities provide authenticated records related to Thompson's claims. ECF No. 12. The Clerk mailed the order to Thompson's address on file with the Court. *See* "Clerk's Notice of delivery," dated August 3, 2022. Soon thereafter, the Lubbock County Sheriff's Office notified the Court that Thompson was no longer detained at the Lubbock County Detention Center (LCDC)—the most recent address on file with the Court. ECF No. 13 (reporting that Thompson was released from Lubbock County custody on Sept. 7, 2022). Online records confirm that Thompson is not held at the LCDC, nor has he been transferred to the custody of the Texas Department of Criminal Justice (TDCJ).[1] Yet, as of the date of this Order (more than seven weeks after leaving LCDC), Thompson has not provided a change of address to the Court. In this posture, the Court can only conclude that Thompson no longer wishes to pursue his claims.

## II. Involuntary Dismissal

A court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997) (per curiam). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the

---

[1] LCDC Inmate Roster, https://publicrecords.lubbockcounty.gov/JailRoster/? (last visited Oct. 26, 2022); TDCJ Inmate Information Search, https://inmate.tdcj.texas.gov/InmateSearch/start (last visited Oct. 26, 2022).

disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. at 630).

As noted above, the Court commenced its initial screening of Thompson's Complaint by ordering the production of authenticated records. The Court also intended to further develop the factual basis of Thompson's claims via an evidentiary hearing (in accordance with *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985)) or a questionnaire (pursuant to *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976)). Thompson's failure to update his current mailing address, however, thwarts the Court's ability to further develop the case. In this circumstance the Court is essentially at the mercy of a litigant who refuses to apprise the Court of his whereabouts, thereby preventing the Court from effectively communicating with the party or further evaluating his claims. Pro se litigants cannot hold a court's docket hostage by refusing to comply with orders designed to allow a court to timely and efficiently manage its docket.

Courts have previously dismissed other prisoners' claims for failing to comply with court orders requiring a current mailing address. *See, e.g., Williams v. Kemp*, No. 3:21-cv-00105-N (BT), 2021 WL 3024856, at *1 (N.D. Tex. June 4, 2021) (recommending dismissal after mail was returned as undeliverable because plaintiff "failed to keep the Court apprised of his current address"), *R. & R. adopted by* 2021 WL 3023009 (N.D. Tex. July 16, 2021); *Bennett v. Smith Cnty. Jail*, No. 6:21cv010, 2021 WL 930282, at *1 (E.D. Tex. Feb. 5, 2021) ("Plaintiff's failure to submit an updated mailing address evinces his failure to prosecute his own case."), *R. & R. adopted by* 2021 WL 926207 (E.D. Tex. Mar. 10, 2021); *Martinez-Reyes v. United States*, No. 7:14-CV-341, 2016 WL 8740494, at *4 (S.D. Tex. Oct. 10, 2016) (concluding dismissal was required "given that the last court document was returned as undeliverable and the Court thus" could not communicate with inmate), *R. & R. adopted by* 2017 WL 1409315 (S.D. Tex. Apr. 20, 2017); *see also Shuemake*

*v. Hillhouse*, No. 6:18cv349, 2021 WL 3044433, at *1 (E.D. Tex. July 2, 2021) ("Plaintiff has neither communicated with the Court since his release nor provided an updated mailing address as required. It is well-settled that a Plaintiff has an ongoing obligation and responsibility to inform the Court [of] his whereabouts through a current mailing address."), *R. & R. adopted by* 2021 WL 3032725 (E.D. Tex. July 19, 2021).

Because Thompson has violated this Court's orders by not updating his mailing address and has wholly failed to communicate with the Court in this action since June 30, 2022,[2] the United States District Judge should dismiss this case for want of prosecution. *See Green v. Moore*, No. 1:15-CV-00210-BL, 2018 WL 3763836, at *2 (N.D. Tex. July 20, 2018) ("Because Plaintiff . . . has failed to keep the Court apprised of his current address as required by the local rules . . . and in direct conflict with the instructions provided to him, it appears that he no longer desires to pursue his claims in this cause, such that the remaining claims in this case should be dismiss[ed] for want of prosecution."), *R. & R. adopted by* 2018 WL 3756894 (N.D. Tex. Aug. 8, 2018).

### III. Recommendation

Because Thompson has violated this Court's orders by not updating his mailing address or otherwise communicating with the Court, the undersigned recommends that the United States District Judge dismiss this action without prejudice under Fed. R. Civ. P. 41(b).

### IV. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served

---

[2] Under the "prison mailbox rule," courts consider an inmate's pro se pleading filed when it is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Plaintiff's most recent filing does not indicate when he provided it to Lubbock County Detention Center officials for mailing, but the envelope is postmarked June 30, 2022. ECF No. 9, at 3. The Court therefore considers it filed on that date.

with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated: October 28, 2022.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE